## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) Electra Wave Corporation,<br>an Oklahoma Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>(1) Kalorik Home Appliances,<br>a U.S.A. subsidiary of Team Kalorik<br>Group NV, a Belgium Corporation<br><br>AND<br><br>(2) Ming's Mark Inc.,<br>An Arizona Corporation<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  CIV-16-465-R<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW the Plaintiff, Electra Wave Corporation ("Electra Wave"), and for its complaint against: Kalorik Home Appliances, a U.S.A. subsidiary of Team Kalorik Group NV, a Belgium Corporation ("Kalorik"), and Ming's Mark Inc., an Arizona Corporation ("Ming's"), states and alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for patent infringement.

**JURISDICTION AND VENUE**

2.      This is an action for willful patent infringement under 35 U.S.C. § 271 *et seq*.  This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1338(a) and 1331.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1391(d) and 1400(b).

4.      On information and belief, Kalorik has placed infringing products into the stream of commerce by selling products within this District or knowing that the devices would be sold within this District.

5.      On information and belief, Ming's has placed infringing products into the stream of commerce by selling products within this District or knowing that the devices would be sold within this District.

**THE PARTIES**

6.      Plaintiff, Electra Wave, is an Oklahoma Corporation having a place of address in this judicial district at P.O. Box 25, Boley, OK 74829.  Electra Wave develops, produces, and sells pressure smoker cookers.

7.      Electra Wave is the owner of the entire right, title, and interest to United States Patent No. 6,903,310 (the "'310 Patent"), entitled "Independent Control of a

Flavor Enhancement Chamber and a Food Preparation Chamber for a Food Preparation Device," the '310 patent was issued to Electra Wave. A copy of the '310 patent is attached hereto as Exhibit "1."

8. Defendant, Kalorik, is a U.S.A. subsidiary of Team Kalorik Group NV, a Belgium Corporation, having a place of business at 1400 NW 159th Street, Suite 102, Miami Gardens, FL 33169 USA. Kalorik, directly and/or through its subsidiaries and affiliates, develops and markets a number of products, including; Kalorik's black and stainless steel multi-purpose indoor electric pressure smoker, EPCK 40911 SS.

9. Defendant, Ming's, is an Arizona Corporation, having a place of business at 3550 W Clarendon Ave, Suite 7, Phoenix AZ, 85019 USA. Ming's is an international wholesaling and trading company, which directly and/or through its subsidiaries and affiliates, develops and markets a number of products, including; GoWISE USA 5-in-1 Extra Large 8.5 QT Indoor Pressure Smoker with Hot & Cold Smoke Function & 3 Removable Smoker Racks, 1300W GW22624.

## COUNT I - CLAIM FOR RELIEF AGAINST MING'S AND KALORIK
### Patent Infringement of the '310 Patent

10. Electra Wave repeats and realleges the allegations contained in Paragraphs 1 through 9 of this Complaint as if fully set forth herein.

11.   Ming's and Kalorik have each infringed and continue to infringe the '310 Patent in violation of 35 U.S.C. § 271(a) through their conduct with regard to the importation and sale by Kalorik of their black and stainless steel multi-purpose indoor electric pressure smoker, EPCK 40911 SS, and the importation and sale by Ming's of their GoWISE USA 5-in-1 Extra Large 8.5 QT Indoor Pressure Smoker with Hot & Cold Smoke Function & 3 Removable Smoker Racks, 1300W GW22624, as claimed by the '310 Patent.

12.   Ming's infringement of the '310 Patent is and has been willful and deliberate.

13.   Kalorik's infringement of the '310 Patent is and has been willful and deliberate.

14.   Electra Wave has been injured and damaged, and will continue to be injured and damaged, by Kalorik's infringement of the '310 Patent.  Kalorik's infringement of the '310 Patent has caused, and will continue to cause, irreparable harm to Electra Wave unless and until enjoined by this Court.  Further, Electra Wave has been injured and damaged, and will continue to be injured and damaged, by Ming's infringement of the '310 Patent.  Ming's infringement of the '310 Patent has caused, and will continue to cause, irreparable harm to Electra Wave unless and until enjoined by this Court.

## COUNT II - UNFAIR COMPETITION

15.     Electra Wave repeats and realleges the allegations contained in Paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16.     Ming's and Kalorik's conduct constitutes unfair competition and a *prima facie* tort under Oklahoma law and 76 O.S. § 1.

17.     As a result of Ming's and Kalorik's bad faith conduct, Ming's and Kalorik now enjoy a dominant share of the US market in the indoor pressure smoker appliance industry.

18.     Ming's and Kalorik's conduct, acts or practices have substantially interfered with Electra Wave's ability to compete in the industry on the merits of the parties products and compete in the marketplace.

19.     Electra Wave has been damaged as a direct result of such violations.

20.     Ming's and Kalorik's conduct is bad faith, malicious and intentional and/or in reckless disregard of the rights of others.

21.     As a proximate result of Ming's and Kalorik's violations and conduct as set forth above, Electra Wave has been injured in that Electra Wave's sole proprietorship

entity has lost customers, sales and profits which it would have made but for Ming's and Kalorik's unlawful activity, and have lost and continue to lose goodwill and suffer diminution in value of a growing concern, which Electra Wave is the sole proprietor, and is entitled to recover damages to be proven at trial.

## COUNT III -  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Electra Wave prays that judgment be granted in its favor and against Ming's and Kalorik as follows:

A.    That Defendants have infringed the '310 Patent pursuant to 35 U.S.C. § 271;

B.    That Defendants and all parties contemplated by Rule 65(d) Fed. R. Civ. P., be permanently enjoined from further infringement of the '310 Patent pursuant to 35 U.S.C. § 283;

C.    That Defendants be ordered to account for and pay to Plaintiff the damages adequate to compensate for the infringement, but in no event less than a reasonable royalty, to which Plaintiff is entitled as a result of Defendants' infringement pursuant to 35 U.S.C. § 284;

D.      That in view of Defendants' acts of willful, deliberate, and intentional infringement, such damages should be increased up to three times the amount assessed;

E.      That this case be deemed exceptional and Plaintiff be awarded attorney fees pursuant to 35 U.S.C. § 285;

F.      For all damages Electra Wave has suffered by reason of the aforementioned common law violation;

G.      Punitive damages as against Defendants under Count II pursuant to 23 O.S. § 9.1; and

H.      Such other and further relief as the Court deems just and proper.

Dated:  May 4, 2016                     s/**Daniel P. Dooley**
                                        Daniel P. Dooley (OBA No. 18551)
                                        HALL, ESTILL, HARDWICK, GABLE,
                                        GOLDEN & NELSON
                                        100 North Broadway, Suite 2900
                                        Oklahoma City, Oklahoma 73102-8865
                                        Telephone:   (405) 553-2301
                                        Facsimile:   (405) 553-2855
                                        E-Mail: ddooley@hallestill.com

                                        ATTORNEY FOR PLAINTIFF

**JURY TRIAL DEMANDED**